UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON J. BONNER,<br><br>    Petitioner,<br><br>    v.<br><br>JENNIFER BARRETTO,<br><br>    Respondent. | No. 2:16-cv-0801 MCE AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the grounds that petitioner is outside the one-year statute of limitations. ECF No. 11. Petitioner has responded to the motion (ECF No. 17) and respondent has replied (ECF No. 20).

    I.    <u>Factual and Procedural Background</u>

Petitioner pled no contest to two counts of robbery with a gun enhancement and was sentenced to a determinate state prison term of thirteen years. Lodged Doc. 1. Judgement was entered on March 15, 2013, which he did not appeal. <u>Id.</u>; ECF No. 1 at 1-2. He later filed three pro se state post-conviction collateral challenges regarding the judgement against him. ECF No. 1 at 5. Petitioner first filed a petition for writ of habeas corpus in the Sacramento County

////

1

Superior Court on August 12, 2014[1] (Lodged Doc. 2), which was denied on December 10, 2014 (Lodged Doc. 3). He then filed a petition in the California Court of Appeal, Third Appellate District on January 6, 2015 (Lodged Doc. 4), which was denied on January 29, 2015 (Lodged Doc. 5). Finally, he filed a petition in the California Supreme Court on April 28, 2015 (Lodged Doc. 6), which was denied on September 9, 2015 (Lodged Doc. 7). The instant petition was filed on April 19, 2016. ECF No. 1 at 71.

II. Motion to Dismiss

Respondent now moves to dismiss the instant petition as untimely. ECF No. 11. Since no direct appeal was brought, respondent argues that petitioner's March 15, 2013 judgment became final sixty days later on May 14, 2013, and accordingly, absent tolling, the last day to file his federal habeas petition was May 14, 2014. Id. at 3. Respondent argues that petitioner's claim here is time-barred because the one-year statute of limitations ended on May 14, 2014, and petitioner did not file the instant petition until after that date passed. Id. Additionally, respondent claims that petitioner's three state petitions were all filed after the statute of limitations expired and therefore did not restart or revive the statute of limitations period. Id. at 3-4.

III. Response

In petitioner's opposition, he argues that respondent and the court did not adequately take his mental competence into account. ECF No. 17 at 3-9. Petitioner further argues that the superior court erred in deeming him competent to waive his rights and enter into a plea agreement. Id. He appears to argue that his incompetence to enter a plea entitles him to have his petition considered on the merits. Id. at 7. This argument will be liberally construed as one for equitable tolling.

IV. Reply

Respondent opposes petitioner's prayer for equitable tolling because petitioner does not allege specific facts about how his alleged condition delayed his challenge to the conviction. ECF No. 20 at 3. In short, petitioner insufficiently describes his mental health and does not state

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

that his mental incompetence covers the necessary time period. Id. at 4-5.

V. Discussion

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Per Rule 8.308(a) of the California Rules of Court, a conviction must be appealed within sixty days after the entry of judgment. Since judgement was entered on March 15, 2013 (Lodged Doc. 1), the end of the sixty-day period for plaintiff to file a direct appeal was May 14, 2013. The statute of limitations expired one year later on May 14, 2014. Petitioner filed the instant petition on April 19, 2016. ECF No. 1 at 71. Absent statutory or equitable tolling, the instant petition was untimely.

A. Statutory Tolling

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citing Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001)).

Petitioner filed his first state petition for writ of habeas corpus on August 12, 2014. Lodged Doc. 2. This was almost three months after May 14, 2014, the date the statute of limitations expired. Therefore, there is no basis for statutory tolling of the statute of limitations in this case.

B. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal citations and quotation marks omitted).

Concerning mental illness, the Ninth Circuit has specified that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

Petitioner was explicitly warned that "[t]he court [would] not consider the merits of petitioner's claims until the statute of limitations issue [had] been resolved" and that he should "respond only to the argument that he filed his petition too late." ECF No. 15 at 1. Despite these warnings, petitioner makes no allegations that his mental illness prevented him from filing a habeas petition before the expiration of the one-year statute of limitations. Instead, petitioner states he received methadone treatments multiple times throughout 2012, with the last specified date of treatment being September 4, 2012. ECF No. 17 at 21. He does not explain how these treatments affected his mental competence. Id. Moreover, the one-year statute of limitations for filing a federal habeas petition began running on May 15, 2013, over eight months after the last identified methadone treatment. With respect to petitioner's general allegations of mental incompetency, as in the petition, he focuses exclusively on his mental state during the state criminal proceedings leading up to his plea agreement and his lack of mental capacity to enter into a plea agreement. Id. at 3-23.

////

4

Petitioner also makes a brief reference to the fact that he was moved out-of-state, which created delay in filing. Id. at 7-8. However, in his petition, he states that he was not moved out of state until August 2014 (ECF No. 1 at 12), at which point the statute of limitations had already expired.

Petitioner does not offer any allegations that during the period relevant to the timeliness of the instant petition he was diligently pursuing his rights or was prevented from doing so by extraordinary circumstances. Therefore, equitable tolling is not applicable to this case.

C. Petitioner's Surreply

The court notes that petitioner has also filed objections to respondent's reply, which will be construed as a surreply. ECF No. 21. The surreply will be disregarded because it is unauthorized and does not address petitioner's ability to file a timely federal petition.

D. Conclusion

Because petitioner is not entitled to statutory or equitable tolling, his petition was filed outside the statute of limitations and it is recommended that the motion to dismiss be granted.

VI. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

VII. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. You do not get statutory

5

tolling because your state habeas petitions were all filed after the deadline had passed. Your claims that you lacked mental capacity do not entitle you to equitable tolling because all of your allegations relate to your ability to enter into a plea agreement. Also, you were not moved out-of-state until after the deadline had passed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted and petitioner's application for a writ of habeas corpus be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE